GEORGE D. YARON, ESQ. (State Bar #96246)
KEITH E. PATTERSON, ESQ. (State Bar #225753)
JOSHUA D. WHITE, ESQ. (State Bar #246164)
**YARON & ASSOCIATES**
601 California Street, 21st Floor
San Francisco, California 94108-2281
Telephone: (415) 658-2929
Facsimile: (415) 658-2930

Attorneys for Defendant
TODD SHIPYARDS CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY CRONIN, as Wrongful Death Heir, and as Successor-in-Interest to RAYMOND C. CRONIN, SR., Deceased, and RAYMOND C. CRONIN, JR., ROBERT CRONIN, as Legal Heirs of RAYMOND C. CRONIN, SR., Deceased; ESTELA CARCALLAS, as Wrongful Death Heir, and as Successor-in-Interest to FABIAN CARCALLAS, Deceased, and FABIAN CARCALLAS III, OLIVER CARCALLAS, as Legal Heirs of FABIAN CARCALLAS, Deceased; PEGGY HOTT, as Wrongful Death Heir, and as Successor-in-Interest to VIRGIL HOTT, Deceased, <br><br> Plaintiffs, <br><br> vs. <br><br> TODD SHIPYARDS CORPORATION, GENERAL DYNAMICS CORPORATION, VIAD CORP., and HAYLEY HOTT, <br><br> Defendants. | CASE NO. CV 08-3274 <br><br> **ANSWER OF DEFENDANT TODD SHIPYARDS CORPORATION TO PLAINTIFFS' COMPLAINT FOR DAMAGES** |

COMES NOW Defendant Todd Shipyards Corporation ("TODD"), and for an Answer to

Plaintiffs SHIRLEY CRONIN, as wrongful death heir and successor-in-interest to RAYMOND C.

CRONIN, SR., deceased, and RAYMOND C. CRONIN, JR., ROBERT CRONIN, as legal heirs of

RAYMOND C. CRONIN, SR., deceased, ESTELA CARCALLAS, as wrongful death heir and

successor-in-interest to FABIAN CARCALLAS, deceased, and FABIAN CARCALLAS III,

OLIVER CARCALLAS, as legal heirs of FABIAN CARCALLAS, deceased, and PEGGY HOTT's,

as wrongful death heir and successor-in-interest to VIRGIL HOTT, deceased ("Plaintiffs"), Complaint for Negligence (Survival and Wrongful Death), and Products Liability (Survival and Wrongful Death), admits, denies and alleges as follows:

## THE PARTIES

1.      Answering Paragraph 1 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

2.      Answering Paragraph 2 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

3.      Answering Paragraph 3 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

4.      Answering Paragraph 4 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

5.      Answering Paragraph 5 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

6.      Answering Paragraph 6 of the Complaint, TODD denies generally and specifically, that Plaintiffs' claims arise out of a similar series of occurrences.  TODD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

7.      Answering Paragraph 7 of the Complaint, TODD denies generally and specifically, that Plaintiffs' claims arise out of an identical series of occurrences.  TODD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation

1 | contained therein.

2 |     8.    Answering Paragraph 8 of the Complaint, TODD admits that it is a Corporation

3 | existing under the laws of other states, and that it is authorized to conduct business in the State of

4 | California and the County of San Francisco, but denies it is presently conducting business in the State

5 | of California. Except as expressly admitted herein, TODD denies each and every remaining

6 | allegation in said paragraph.

7 | **JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

8 |     9.    Answering Paragraph 9 of the Complaint, TODD admits that this Court has

9 | jurisdiction over the subject matter of Plaintiffs' Complaint under 25 U.S.C. Section 1332 because,

10 | based on the allegations in the pleadings, there is complete diversity and an actual or substantial

11 | controversy exists between citizens of different states. Except as expressly admitted herein, TODD

12 | denies each and every remaining allegation in said paragraph.

13 |     10.    Answering Paragraph 10 of the Complaint, TODD is without sufficient knowledge

14 | or information to form a belief as to the truth of the allegations contained in said paragraph, and, on

15 | that basis, denies generally and specifically, each and every allegation contained therein.

16 | **CAUSES OF ACTION**

17 | **FIRST CAUSE OF ACTION – NEGLIGENCE (SURVIVAL)**

18 |     11.    Answering Paragraph 11 of the Complaint, TODD denies generally and

19 | specifically, that TODD SHIPYARDS CORPORATION, TODD PACIFIC SHIPYARDS

20 | CORPORATION, or SEATTLE-TACOMA SHIPBUILDING CORP. researched, studied,

21 | manufactured, fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered

22 | for sale, supplied, sold, inspected, tested, authorized, approved, certified, facilitated, promoted,

23 | represented, endorsed servicing, installed, contracted for installation, repaired, marketed, warranted,

24 | rebranded, manufactured for others, packaged, specified, required, mandated, or otherwise directed

25 | and/or facilitated the use of, or advertised a certain product, namely asbestos, and/or other products

26 | containing asbestos. TODD admits that TODD PACIFIC SHIPYARDS CORPORATION is a

27 | wholly owned subsidiary of TODD SHIPYARDS CORPORATION. SEATTLE-TACOMA

28 | SHIPBUILDING CORP. merged into TODD SHIPYARDS CORPORATION in 1946. TODD is

1   without sufficient knowledge or information to form a belief as to the truth of the remaining

2   allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and

3   every allegation contained therein.

4         12.    Answering Paragraph 12 of the Complaint, TODD denies generally and

5   specifically, that TODD SHIPYARDS CORPORATION, TODD PACIFIC SHIPYARDS

6   CORPORATION, or SEATTLE-TACOMA SHIPBUILDING CORP. researched, manufactured,

7   fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered for sale,

8   supplied, sold, inspected, endorsed, tested, authorized, approved, certified, facilitated, promoted,

9   represented, serviced, installed, contracted for installation, repaired, marketed, warranted, rebranded,

10  manufactured for others, packaged, specified, required, mandated, or otherwise directed and/or

11  facilitated the use of, or advertised a certain product, namely asbestos, and/or other products

12  containing asbestos. TODD is without sufficient knowledge or information to form a belief as to the

13  truth of the remaining allegations contained in said paragraph, and, on that basis, denies generally

14  and specifically, each and every allegation contained therein.

15        13.    Answering Paragraph 13 of the Complaint, TODD denies generally and specifically,

16  each and every allegation therein.

17        14.    Answering Paragraph 14 of the Complaint, TODD denies generally and specifically,

18  that it owed a duty to Plaintiffs and that it breached said duty of care.

19        15.    Answering Paragraph 15 of the Complaint, TODD denies generally and specifically,

20  each and every allegation therein.

21        16.    Answering Paragraph 16 of the Complaint, TODD is without sufficient knowledge

22  or information to form a belief as to the truth of the allegations contained in said paragraph, and, on

23  that basis, denies generally and specifically, each and every allegation contained therein.

24        17.    Answering Paragraph 17 of the Complaint, TODD is without sufficient knowledge

25  or information to form a belief as to the truth of the allegations contained in said paragraph, and, on

26  that basis, denies generally and specifically, each and every allegation contained therein.

27  ///

28  ///

18.    Answering Paragraph 18 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

19.    Answering Paragraph 19 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

20.    Answering Paragraph 20 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

21.    Answering Paragraph 21 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

22.    Answering Paragraph 22 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

23.    Answering Paragraph 23 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

24.    Answering Paragraph 24 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

25.    Answering Paragraph 25 of the Complaint, TODD denies generally and specifically, each and every allegation therein.

26.    Answering Paragraph 26 of the Complaint, TODD denies generally and specifically, each and every allegation therein.

27.    Answering Paragraph 27 of the Complaint, TODD denies generally and specifically, each and every allegation therein.

///

## SECOND CAUSE OF ACTION - PRODUCTS LIABILITY (SURVIVAL)

28.     Answering Paragraph 28 of the Complaint, TODD incorporates and realleges its responses to paragraphs 1 through 27 as though fully set forth herein.

29.     Answering Paragraph 29 of the Complaint, TODD denies generally and specifically, each and every allegation therein.

30.     Answering Paragraph 30 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

31.     Answering Paragraph 31 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

32.     Answering Paragraph 32 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

33.     Answering Paragraph 33 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

34.     Answering Paragraph 34 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

35.     Answering Paragraph 35 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

36.     Answering Paragraph 36 of the Complaint, TODD denies generally and specifically, each and every allegation therein.

37.     Answering Paragraph 37 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

38.     Answering Paragraph 38 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

**THIRD CAUSE OF ACTION – NEGLIGENCE (WRONGFUL DEATH)**

39.     Answering Paragraph 39 of the Complaint, TODD incorporates and realleges its responses to paragraphs 1 through 27 as though fully set forth herein.

40.     Answering Paragraph 40 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

41.     Answering Paragraph 41 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

42.     Answering Paragraph 42 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

43.     Answering Paragraph 43 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

44.     Answering Paragraph 44 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

45.     Answering Paragraph 45 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

**FOURTH CAUSE OF ACTION – PRODUCTS LIABILITY (WRONGFUL DEATH)**

46.     Answering Paragraph 46 of the Complaint, TODD incorporates and realleges its responses to paragraphs 1 through 45 as though fully set forth herein.

///

47.     Answering Paragraph 47 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that the Complaint fails to state facts sufficient to constitute a cause of action against TODD.

### SECOND AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiffs have failed to join all persons and parties needed for a just adjudication of this action. Furthermore, Plaintiffs are improperly joined as Plaintiffs because SHIRLEY CRONIN, as wrongful death heir and successor-in-interest to RAYMOND C. CRONIN, SR., deceased, and RAYMOND C. CRONIN, JR., ROBERT CRONIN, as legal heirs of RAYMOND C. CRONIN, SR., deceased, have stated no cause of action against TODD, and none of Plaintiffs' claims arise out of a similar set of circumstances or the same transaction or occurrence.

### THIRD AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiffs' claims are barred by laches, waiver and/or estoppel.

### FOURTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that the entirety of Plaintiffs' claims against TODD are negated by the "government contractor" defense, including any performance contracts. (*Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940); *Boyle v. United Technologies*, 487 U.S. 500 (1988); *Emory v. McDonnell Douglas Corp.*, 148 F.3d 347 (4th Cir. 1998).)

///

///

///

1

### FIFTH AFFIRMATIVE DEFENSE

2      AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

3   TODD alleges that Plaintiffs failed to commence this action within the time required by the

4   applicable statutes of limitation, including but not limited to California Code of Civil Procedure

5   sections 337.1, 337.15, 338(a), 338(d), 340.2, 343, 583.110, 583.210, 583.310, 583.410, and

6   Commercial Code § 2725.

7

### SIXTH AFFIRMATIVE DEFENSE

8      AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

9   TODD alleges that Plaintiffs' and Decedent Carcallas and/or Decedent Hott's damages, if any, were

10  proximately caused, in whole or in part, by Plaintiffs' and/or Decedent Carcallas and Decedent Hott's

11  own fault and negligence in failing to exercise reasonable care for their own safety. Plaintiffs'

12  recovery from TODD, if any, should therefore be reduced proportionate to Plaintiffs' and/or

13  Decedent Carcallas and Decedent Hott's comparative fault.

14

### SEVENTH AFFIRMATIVE DEFENSE

15     AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

16  TODD alleges that Plaintiffs and/or Decedent Carcallas and Decedent Hott have failed to mitigate

17  the alleged damages, if any there were. Accordingly, the amount of loss, injury or damages to which

18  Plaintiffs are entitled, if any, should be reduced by the amount of loss, injury or damages which

19  would have otherwise been mitigated and Plaintiffs are barred from any recovery of any loss, injury

20  or damages suffered thereby.

21

### EIGHTH AFFIRMATIVE DEFENSE

22     AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

23  TODD alleges that if Decedent Carcallas and Decedent Hott were injured by products used or

24  installed by TODD, which is denied, such injury occurred after the expiration of the useful safe life

25  of such products.

26  ///

27  ///

28  ///

1

## NINTH AFFIRMATIVE DEFENSE

2       AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

3  TODD alleges that if Decedent Carcallas and/or Decedent Hott suffered any damages, which is

4  denied, such damages were the sole and proximate result of an unavoidable accident.

5

## TENTH AFFIRMATIVE DEFENSE

6       AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

7  TODD alleges that if Decedent Carcallas and/or Decedent Hott suffered any damages, which is

8  denied, such damages were caused by and/or contributed to Decedent Carcallas and/or Decedent

9  Hott's misuse of the product(s) which they used, and therefore Plaintiffs' recovery should be barred

10  or reduced accordingly.

11

## ELEVENTH AFFIRMATIVE DEFENSE

12       AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

13  TODD alleges that if Decedent Carcallas and/or Decedent Hott suffered any damages, which is

14  denied, such damages were solely and proximately caused by and/or contributed to the negligence

15  of third persons or entities over whom or which TODD had no control or supervision.  Therefore,

16  Plaintiffs' damages, if any, are barred or reduced by the percentage of all responsibility attributable

17  to such third parties.

18

## TWELFTH AFFIRMATIVE DEFENSE

19       AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

20  TODD alleges that if Decedent Carcallas and/or Decedent Hott suffered any damages, which is

21  denied, such damages were solely and proximately caused by material modifications or alterations

22  of the product(s) involved in this action after it or they left the custody and control of Defendant

23  TODD.

24

## THIRTEENTH AFFIRMATIVE DEFENSE

25       AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

26  TODD alleges that any asbestos-containing product(s) alleged to have caused Decedent Carcallas

27  and/or Decedent Hott's injuries, were manufactured, used, installed and/or distributed in mandatory

28  compliance with specifications promulgated by the United States government under its war powers,

1  as set forth in the U. S. Constitution, and that any recovery by Plaintiffs is barred as a consequence

2  of the exercise of those sovereign powers.

3  ### FOURTEENTH AFFIRMATIVE DEFENSE

4  AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

5  TODD alleges that any product(s) alleged to have caused Decedent Carcallas and/or Decedent Hott's

6  injuries, were manufactured, installed, used or distributed in compliance with specifications provided

7  by third parties to TODD and/or in compliance with all applicable health and safety statutes and

8  regulations.

9  ### FIFTEENTH AFFIRMATIVE DEFENSE

10  AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

11  TODD alleges that if Decedent Carcallas and/or Decedent Hott suffered any damages, which is

12  denied, the risk of any such damages was not foreseeable to TODD. At all times material hereto,

13  TODD acted in accordance with the state of scientific knowledge available to installers and/or users

14  of asbestos-containing products.

15  ### SIXTEENTH AFFIRMATIVE DEFENSE

16  AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

17  TODD alleges that, with respect to the product(s) allegedly supplied, distributed, manufactured

18  and/or sold by TODD, alleged by Plaintiffs to have caused Plaintiffs' and Decedent Carcallas and

19  Decedent Hott's loss, injury or damages, TODD received no notice of any dangerous, hazardous or

20  defective condition, or any breach of warranty, either expressed or implied.

21  ### SEVENTEENTH AFFIRMATIVE DEFENSE

22  AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

23  TODD alleges that Plaintiffs' claims against TODD are barred by the holdings of *Kinsman v. Unocal*

24  *Corp.*, (2005) 37 Cal.4th 659; *Bockrath v. Aldrich Chemical Co.* (1999) 21 Cal.4th 71, *Privette v.*

25  *Superior Court* (1993) 5 Cal.4th 689, *Toland v. Sunland Housing Group, Inc.* (1998) 18 Cal.4th 253

26  and *Camargo v. Tjaarda Dairy* (2001) 25 Cal.4th 1235.

27  ///

28  ///

### EIGHTEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Decedent Carcallas and/or Decedent Hott's exposure to any asbestos-containing product(s) allegedly used, installed, manufactured, supplied and/or distributed by TODD was minimal and insufficient to establish the probability that said product(s) were a legal cause of Decedent Carcallas and/or Decedent Hott's alleged injuries.

### NINETEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that this action is barred by the applicable state and/or federal industrial insurance and/or Workers' Compensation laws, including, but not limited to, California Labor Code section 3601 and 3602, and 33 U.S.C. section 905.

### TWENTIETH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that at the time of the injuries alleged in the Complaint, Decedent Carcallas and/or Decedent Hott were employed by persons other than TODD; were entitled to receive and did receive Workers' Compensation benefits from said employer(s) or their insurers; and that said employer(s) were negligent and careless in and about the matters referred to in Plaintiffs' Complaint. Therefore, TODD is entitled to set-off any such benefits received by Plaintiffs against any judgment rendered in Plaintiffs favor herein, and said employer(s) are barred from any recovery by lien or otherwise against TODD in connection with this matter.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Decedent Carcallas and/or Decedent Hott were advised, informed, and warned of any purported hazards and/or dangers, if any, associated with the normal and foreseeable use, handling, and storage of the product, substance and equipment described in the Complaint. Decedent Carcallas and/or Decedent Hott knew, or in the exercise of ordinary care, should have known, of the purported risks and hazards involved in the undertaking alleged, but nevertheless, willingly, voluntarily and knowingly consented to assume such purported risks and hazards incident to said

1   undertaking and conduct, at the time and place alleged in said Complaint, all of which proximately

2   caused and contributed to any loss, injury or damages alleged herein. Therefore, Plaintiffs' damages,

3   if any, are barred or reduced by the percentage of all responsibility attributable to Decedent Carcallas

4   and/or Decedent Hott.

5   ## TWENTY-SECOND AFFIRMATIVE DEFENSE

6   AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

7   TODD alleges that at all times relevant to the matters alleged in Plaintiffs' Complaint, Decedent

8   Carcallas and/or Decedent Hott's employer(s), including the United States Navy, were sophisticated

9   users of asbestos-containing products, and said employer(s)' negligence in providing said product(s)

10  to its employees was a superseding and/or intervening cause of Plaintiffs' injuries, if any there were.

11  ## TWENTY-THIRD AFFIRMATIVE DEFENSE

12  AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

13  TODD alleges that there was no concert of action among TODD and other Defendants to this action

14  and that any alleged liability or responsibility of TODD, which is denied, is minimal in proportion

15  to the alleged liability and responsibility of other persons and entities including the other Defendants

16  herein. Plaintiffs should therefore be limited to seeking recovery from TODD for the proportion of

17  alleged injuries and damages for which TODD is allegedly liable or responsible, all such alleged

18  liability and responsibility being denied.

19  ## TWENTY-FOURTH AFFIRMATIVE DEFENSE

20  AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, to

21  the extent the Complaint alleges that TODD has "market-share liability" or "enterprise liability," the

22  Complaint fails to state facts sufficient to constitute a cause of action against TODD.

23  ## TWENTY-FIFTH AFFIRMATIVE DEFENSE

24  AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

25  TODD alleges that it is entitled to set-off from all settlements, judgments, or similar amounts received

26  by Plaintiffs, Decedent Carcallas and/or Decedent Hott against any judgment rendered against it in

27  Plaintiffs favor herein.

28  ///

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges, in accordance with section 1431.2 of the Civil Code, known as the Fair Responsibility Act of 1986, that if Plaintiffs' Complaint states a cause of action, each Defendant is liable, if at all, only for those non-economic damages allocated to each in direct proportion to each Defendant's percentage of fault, if any. TODD requests a judicial determination of the amount of non-economic damages, if any. TODD also requests a judicial determination of the amount of non-economic damages, if any, allocated to TODD in direct proportion to TODD's percentage of fault, if any, and a separate judgment in conformance therewith.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that the damages and injuries, if any, were proximately caused or contributed to, in whole or in part, by the negligence or fault or other acts and/or omissions of persons or entities other than TODD, for which TODD is not responsible.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that neither the Complaint nor any purported causes of action alleged therein state facts sufficient to entitle Plaintiffs to an award of punitive damages against TODD.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiffs are not entitled to recover punitive or exemplary damages from TODD and that such damages are violative of the Constitutions of the United States of America and of the Constitution of the State of California.

## THIRTIETH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiffs' instant action is barred or, alternatively, merged into a prior cause of action for which Plaintiffs and/or Decedent Carcallas and/or Decedent Hott have previously sued upon, recovered, and dismissed with prejudice, thereby requiring a complete extinguishment of the

1 │ instant action due to the doctrines of Res Judicata and Collateral Estoppel.

2 │ ### THIRTY-FIRST AFFIRMATIVE DEFENSE

3 │ AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

4 │ TODD alleges that Plaintiffs' instant action is barred and discharged, pursuant to Title 11 U.S.C.

5 │ section 1141(d), and that Plaintiffs' action violates the pending injunction against such claims that

6 │ exists, by operation of law, pursuant to Title 11 U.S.C. section 524(a)(2).

7 │ ### THIRTY-SECOND AFFIRMATIVE DEFENSE

8 │ AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION to

9 │ Plaintiffs' Complaint, TODD alleges that its materials and/or products were manufactured, produced,

10 │ supplied, installed, sold, and distributed pursuant to a contract with the United States government,

11 │ and that any recovery by Plaintiffs on the Complaint filed herein is barred by consequence of the

12 │ judicially recognized doctrine of immunity conferred upon that contractual relationship, and any

13 │ occurrences arising therefrom.

14 │ ### THIRTY-THIRD AFFIRMATIVE DEFENSE

15 │ AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION to

16 │ Plaintiffs' Complaint, TODD alleges that the state-imposed duty upon TODD significantly conflicts

17 │ with an identifiable federal interest or policy and, therefore, is displaced under the holding of *Boyle*

18 │ *v. United Technologies*, 487 U.S. 500 (1988).

19 │ ### THIRTY-FOURTH AFFIRMATIVE DEFENSE

20 │ AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

21 │ TODD alleges that Decedent Carcallas and/or Decedent Hott did not reasonably rely on any

22 │ representation, disclaimer, warranty or other act or omission of TODD.

23 │ ### THIRTY-FIFTH AFFIRMATIVE DEFENSE

24 │ AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

25 │ TODD alleges that Decedent Carcallas and/or Decedent Hott were not in privity of contract with

26 │ TODD, and said lack of privity bars recovery herein upon any theory of warranty.

27 │ ///

28 │ ///

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiffs named TODD in this litigation without reasonable product identification and without reasonable investigation.  Accordingly, pursuant to California Code of Civil Procedure Section 128.5, TODD requests reasonable expenses, including attorney's fees incurred by TODD, as a result of the maintenance of this bad-faith litigation.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiffs and/or Decedent Carcallas and/or Decedent Hott have released, settled, entered into an accord and satisfaction, or otherwise compromised their claims herein, and, accordingly, said claims are barred by operation of law.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD is presently without sufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unknown, affirmative defenses.  Accordingly, TODD reserves the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD denies any and all liability as a successor, predecessor, predecessor in business, predecessor in a product line or portion thereof, parent, "alter ego," subsidiary, wholly or partially owned, by or the whole or partial owner or member in any entity which researched, studied, manufactured, fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, tested, authorized, approved, certified, facilitated, promoted, represented, endorsed servicing, installed, contracted for installation, repaired, marketed, warranted, rebranded, manufactured for others, packaged, specified, required, mandated, or otherwise directed and/or facilitated the use of, or advertised a certain product, namely asbestos, and/or other products containing asbestos.

### FORTIETH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that the claims asserted by Plaintiff were proximately caused by a superseding and intervening cause.

### FORTY-FIRST AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that the claims asserted by Plaintiffs were not a substantial factor in bringing about the loss, injury or damages alleged in the Complaint.

### FORTY-SECOND AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiffs are barred from recovery from TODD in that the product allegedly supplied, distributed, manufactured and/or sold by TODD, if any, was in conformity with the existing state-of-art applicable at the time of their manufacture, sale, formulation or distribution and, thus, such product was not defective in any manner.

### FORTY-THIRD AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that the product allegedly supplied, distributed, manufactured and/or sold by TODD, was properly designed, manufactured, and fit for the purpose for which they were intended. Said product was improperly maintained, misused, and/or abused by Decedent Carcallas and/or Decedent Hott and/or others, and proximately caused Decedent Carcallas and/or Decedent Hott's alleged loss, injury or damages. Such misuse, abuse or improper maintenance was not forseeable to TODD. Therefore, Plaintiffs' and Decedent Carcallas and/or Decedent Hott's damages, if any, are barred or reduced by the percentage of all responsibility attributable to Decedent Carcallas and/or Decedent Hott and/or others.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that its alleged actions, which are the subject of the Complaint, were lawful.

///

1

### FORTY-FIFTH AFFIRMATIVE DEFENSE

2       AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

3   TODD alleges that it presently has insufficient knowledge and/or information on which to form a

4   belief as to whether it may have additional, as yet unstated, defense available.  TODD reserves the

5   right to assert additional defenses in the event that they would be appropriate.

6

### FORTY-SIXTH AFFIRMATIVE DEFENSE

7       AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

8   TODD alleges that TODD has fully performed any contractual, statutory or other alleged duties to

9   Decedent Carcallas and/or Decedent Hott, if any such duties were owed, and Plaintiffs are thus barred

10  from recovery.

11

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

12      AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

13  TODD alleges that Plaintiffs' damages against TODD are speculative, and Plaintiffs are barred from

14  asserting any such damages against TODD.

15

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

16      AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

17  TODD alleges that it was justified in undertaking actions to protect its interests and acted at all times

18  reasonably and in good faith and, thus, its conduct as alleged in the Complaint was justified or

19  excused.

20

### FORTY-NINTH AFFIRMATIVE DEFENSE

21      AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

22  TODD alleges that other parties are responsible either directly or indirectly for liability for Plaintiffs'

23  and Decedent Carcallas and/or Decedent Hott's loss, injuries or damages, and in the event that TODD

24  is held liable for such loss, injury or damages, such persons or entities are obligated to reimburse

25  TODD for all costs and expenses resulting from the present lawsuit.

26  ///

27  ///

28  ///

### FIFTIETH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that, at the time the product, substance and equipment described in the Complaint left the custody and control of TODD, it was not unreasonably dangerous or defective, of good merchantable quality, and performed as safely as an ordinary consumer would have expected at the time of use.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that, the product, substance and equipment described in the Complaint, was improperly maintained and cared for by Decedent Carcallas and/or Decedent Hott and/or the owners of the product(s), and such improper care and maintenance created any defect, if any, which was the proximate and legal cause of Decedent Carcallas and/or Decedent Hott loss, injury or damages, if any. Such improper maintenance and care was not forseeable to TODD. Therefore, Plaintiffs' damages, if any, are barred or reduced by the percentage of all responsibility attributable to Decedent Carcallas and/or Decedent Hott and/or the owners of the product(s)by virtue of said improper maintenance and care.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that at all times relevant to the matters alleged in Plaintiffs' Complaint, Decedent Carcallas and/or Decedent Hott and their employer(s) were sophisticated users of asbestos-containing products, and as such, knew or should have known of any risk, harm, or danger associated with the use of asbestos-containing products, thereby absolving TODD of any duty to warn  Decedent Carcallas and/or Decedent Hott of any risk, harm, or danger inherent in any asbestos-containing product(s) allegedly supplied, distributed, manufactured and/or sold by TODD, pursuant to the sophisticated user doctrine outlined by the California Supreme Court in *Johnson v. American Standard, Inc.*, (2008) 43 Cal.4th 56.

///

///

### FIFTY-THIRD AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that, to the extent that TODD has previously filed for chapter 11 bankruptcy in the United States Bankruptcy Court, all claims against TODD were previously discharged in bankruptcy.

**WHEREFORE,** TODD prays for judgment as follows:

1.    That Plaintiffs take nothing by reason of their Complaint herein;

2.    That judgment be entered in favor of TODD;

3.    For costs of suit incurred herein;

4.    For appropriate credits and set-offs arising out of any payment of Workers' Compensation benefits as alleged above;

5.    For a judicial determination of the amount of non-economic damages, if any, allocated to TODD in direct proportion to TODD's percentage of fault, if any, and a separate judgment in conformance therewith; and

6.    For such other and further relief as the Court may deem just and proper.

DATED: August 1, 2008

YARON & ASSOCIATES

By _____

GEORGE D. YARON
KEITH E. PATTERSON
JOSHUA D. WHITE
Attorneys for Defendant
TODD SHIPYARDS CORPORATION

## PROOF OF SERVICE

I am over 18 years of age and not a party to the within action. I am employed in the County of San Francisco; my business address is Yaron & Associates, 601 California St., 21st Floor, San Francisco, California 94108-2826.

On **August 4, 2008,** I served the within:

**ANSWER OF DEFENDANT TODD SHIPYARDS CORPORATION TO PLAINTIFFS' COMPLAINT FOR DAMAGES**

on all parties in this action as listed by ECF

---

**VIA ELECTRONIC SERVICE:** I served a true copy, with all exhibits, electronically on designated recipients through PACER. Upon completion of electronic transmission of said document(s), a receipt is issued to serving party acknowledging receipt by PACER's system. Once PACER has served all designated recipients, proof of electronic service is returned to the filing party which will be maintained with the original document(s) in our office. This service complies with CCP §101.6.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **August 4, 2008**, at San Francisco, California.

_____
MARISELA H. NAVARRO