1  WHITNEY A. DAVIS, SBN 149523
   CHARTER DAVIS, LLP
2  Attorneys at Law
   1730 I Street, Suite 240
3  Sacramento, California 95814
   Telephone:     (916) 448-9000
4  Facsimile:     (916) 448-9009

5  Attorneys for VIAD CORP, Individually
   and as Alleged Successor-in-Interest
6  to Griscom-Russell Company

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

| | |
|---|---|
| 11  SHIRLEY CRONIN, as Wrongful Death )<br>Heir, and as Successor-in-Interest to )<br>12  RAYMOND C. CRONIN, SR., Deceased; )<br>and RAYMOND C. CRONIN, JR., )<br>13  ROBERT CRONIN, as Legal Heirs of )<br>RAYMOND C. CRONIN, SR., Deceased, )<br>14  ESTELA CARCALLAS, as Wrongful Death )<br>Heir, and as Successor-in-Interest to )<br>15  FABIAN CARCALLAS, Deceased; and )<br>FABIAN CARCALLAS III, OLIVER )<br>16  CARCALLAS, as Legal Heirs of FABIAN )<br>CARCALLAS, Deceased, PEGGY HOTT, )<br>17  Wrongful Death Heir, and as Successor-in- )<br>Interest to VIRGIL HOTT, Deceased, )<br>18                                             )<br>19              Plaintiffs,               )<br>                                            )<br>20  vs.                                     )<br>                                            )<br>21  TODD SHIPYARDS CORPORATION, )<br>GENERAL DYNAMICS CORPORATION, )<br>22  VIAD CORP., and HAYLEY HOTT, )<br>                                            )<br>23              Defendants.               )<br>_____ | Federal Case No. CV 08 3274 MMC<br><br>**ANSWER OF VIAD CORP TO<br>COMPLAINT FOR SURVIVAL<br>WRONGFUL DEATH-ASBESTOS**<br><br>**DEMAND FOR JURY TRIAL** |

24

25

26          In accordance with the Federal Rules of Civil Procedure, defendant Viad Corp,

27  individually and as alleged successor-in-interest to the Griscom-Russell Company

28  (hereinafter "defendant" and/or "VIAD") hereby answers the complaint filed by plaintiffs

                                        1

1  SHIRLEY CRONIN, as Wrongful Death Heir, and as Successor-in-Interest to RAYMOND

2  C. CRONIN, SR., Deceased; and RAYMOND C. CRONIN, JR., and ROBERT CRONIN,

3  as Legal Heirs of RAYMOND C. CRONIN, SR., Deceased as follows:

4  **ANSWER TO COMPLAINT**

5      1.      Responding to paragraph number one of the complaint, defendant is without

6  sufficient knowledge or information to form a belief as to the truth of the allegations

7  contained in said paragraph, and on that basis, denies each and every allegation contained

8  therein.

9      2.      Responding to paragraph number two of the complaint, defendant is without

10  sufficient knowledge or information to form a belief as to the truth of the allegations

11  contained in said paragraph, and on that basis, denies each and every allegation contained

12  therein.

13      3.      Responding to paragraph number three of the complaint, defendant is without

14  sufficient knowledge or information to form a belief as to the truth of the allegations

15  contained in said paragraph, and on that basis, denies each and every allegation contained

16  therein.

17      4.      Responding to paragraph number four of the complaint, defendant is without

18  sufficient knowledge or information to form a belief as to the truth of the allegations

19  contained in said paragraph, and on that basis, denies each and every allegation contained

20  therein.

21      5.    Responding to paragraph number five of the complaint, and Exhibit A therein

22  referred to and attached to the complaint, defendant is without sufficient knowledge or

23  information to form a belief as to the truth of the allegations contained in said paragraph,

24  and on that basis, denies each and every allegation contained therein.

25      6.      Responding to paragraph number six of the complaint, defendant is without

26  sufficient knowledge or information to form a belief as to the truth of the allegations

27  contained in said paragraph, and on that basis, denies each and every allegation contained

28  therein.

1    7.    Responding to paragraph number seven of the complaint, defendant is

2  without sufficient knowledge or information to form a belief as to the truth of the allegations

3  contained in said paragraph, and on that basis, denies each and every allegation contained

4  therein.

5    8.    Responding to paragraph number eight of the complaint, defendant is without

6  sufficient knowledge or information to form a belief as to the truth of the allegations

7  contained in said paragraph, and on that basis, denies each and every allegation contained

8  therein.

9    9.    Responding to paragraph numbers nine and ten of the complaint, defendant

10  admits that Viad is based out of Arizona, but otherwise is without sufficient knowledge or

11  information to form a belief as to the truth of the allegations contained in the remainder of

12  said paragraphs, and on that basis, denies each and every allegation contained therein.

13    10.    Responding to paragraph number eleven and twelve of the complaint,

14  defendant is without sufficient knowledge or information to form a belief as to the truth of

15  the allegations contained in said paragraphs, and on that basis, denies each and every

16  allegation contained therein; and further, defendant denies that it is the legal successor to all

17  of the liabilities of alleged alternate entities of Viad Corp:  ARMOUR AND COMPANY,

18  ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND CORPORATION, G.

19  ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111 CORPORATION, BALDWIN

20  LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS, LIMA-HAMILTON

21  CORPORATION, LIMA LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON

22  CORPORATION, BALDWIN LIMA-HAMILTON CORPORATION,

23  BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY, THE DIAL

24  CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER, INC.,

25  ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, ALSTOM HEAT

26  EXCHANGE DIVISION, and GRISCOM RUSSELL.  Further, while defendant admits as to

27  the existence of the alleged alternate entities, defendant specifically denies, that it is liable

28  (and/or otherwise owed/breached any duty) for any alleged tortious conduct, as regards to

3

1  allegations that it (and other alleged successor and/or alternate  entities)  researched, studied,

2  manufactured, fabricated, designed, modified, labeled, assembled, distributed, leased,

3  bought, offered for sale, supplied, sold, inspected, tested, authorized, approved, certified,

4  facilitated, promoted, represented, endorsed servicing, installed, contracted for installation,

5  repaired, marketed, warranted, re-branded, manufactured for others, packaged, specified,

6  required, mandated, or otherwise directed and/or facilitated the use of, or advertised a

7  certain product, namely asbestos and/or other products containing asbestos.  Defendant

8  further denies liability for any tortious conduct of each alleged alternate entity, successor,

9  successor-in-business, successor-in-product line or portion thereof, assign, predecessor, in

10  product line or portion thereof, parent, holding company, affiliate, venturer, co-venturer,

11  subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that was a

12  member of, or funded, that researched, studied, manufactured, fabricated, designed,

13  modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold,

14  inspected, serviced, installed, contracted for installation, repaired, marketed, warranted,

15  re-branded, manufactured for others and advertised a certain product, namely asbestos, and

16  other products containing asbestos.

17         11.     Responding to paragraph number thirteen of the complaint, defendant denies

18  each and every allegation contained therein, and to the extent this paragraph again

19  incorporates reference to alleged "ALTERNATE ENTITIES", defendant denies that it is the

20  legal successor to all of the liabilities of alleged alternate entities of Viad Corp:  ARMOUR

21  AND COMPANY, ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND

22  CORPORATION, G. ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111

23  CORPORATION, BALDWIN LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS,

24  LIMA-HAMILTON CORPORATION, LIMA LOCOMOTIVE WORKS,

25  BALDWIN-LIMA-HAMILTON CORPORATION, BALDWIN LIMA-HAMILTON

26  CORPORATION, BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY,

27  THE DIAL CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER,

28  INC., ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, ALSTOM

**ANSWER ON BEHALF OF VIAD CORP**

1  HEAT EXCHANGE DIVISION, and GRISCOM RUSSELL.  Defendant denies that it

2  and/or its alleged successor entities, singularly and jointly negligently, and carelessly

3  researched, manufactured, fabricated, designed, modified, tested or failed to test, abated or

4  failed to abate, warned or failed to warn of the health hazards, labeled, assembled,

5  distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, authorized,

6  approved, certified, facilitated, promoted, installed, represented, endorsed, contracted for

7  installation of, repaired, marketed, warranted, rebranded, manufactured for others, packaged

8  and advertised, a certain product, namely asbestos, and other products containing asbestos,

9  in that said products caused personal injuries to users, consumers, workers, bystanders, and

10  others, including the decedents herein (collectively referred to as exposed persons) while

11  being used in a manner that was reasonably foreseeable, thereby rendering said products

12  hazardous, unsafe, dangerous for use by exposed persons.

13      12.    Responding to paragraph number fourteen of the complaint, defendant denies

14  each and every allegation contained therein, including allegations that there was breach of

15  due care, and to the extent this paragraph again incorporates reference to alleged

16  "ALTERNATE ENTITIES", defendant denies that it is the legal successor to all of the

17  liabilities of alleged alternate entities of Viad Corp:  ARMOUR AND COMPANY,

18  ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND CORPORATION, G.

19  ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111 CORPORATION, BALDWIN

20  LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS, LIMA-HAMILTON

21  CORPORATION, LIMA LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON

22  CORPORATION, BALDWIN LIMA-HAMILTON CORPORATION,

23  BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY, THE DIAL

24  CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER, INC.,

25  ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, ALSTOM HEAT

26  EXCHANGE DIVISION, and GRISCOM RUSSELL.

27      13.    Responding to paragraph number fifteen of the complaint, defendant denies

28  each and every allegation contained therein, including allegations implying that defendants,

1  their alternate entities knew or should have known that the alleged asbestos and alleged

2  asbestos containing products would be transported as alleged, and would break, crumble, or

3  otherwise become damaged during alleged transport, and that such products would be

4  utilized as alleged, causing exposure as alleged therein.  Denies each and every remaining

5  allegation contained in paragraph fifteen, and to the extent these paragraphs again

6  incorporate reference to alleged "ALTERNATE ENTITIES", defendant denies that it is the

7  legal successor to all of the liabilities of alleged alternate entities of Viad Corp:  ARMOUR

8  AND COMPANY, ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND

9  CORPORATION, G. ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111

10  CORPORATION, BALDWIN LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS,

11  LIMA-HAMILTON CORPORATION, LIMA LOCOMOTIVE WORKS,

12  BALDWIN-LIMA-HAMILTON CORPORATION, BALDWIN LIMA-HAMILTON

13  CORPORATION, BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY,

14  THE DIAL CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER,

15  INC., ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, ALSTOM

16  HEAT EXCHANGE DIVISION, and GRISCOM RUSSELL.

17       14.     Responding to paragraph number sixteen of the complaint, and Exhibit A

18  referred to therein, and attached to the complaint, defendant is without sufficient knowledge

19  or information to form a belief as to the truth of the allegations contained in said paragraphs,

20  and on that basis, denies each and every allegation contained therein, including allegations

21  concerning decedent's alleged handling/exposure and alleged reasonably foreseeable use.

22  Denies each and every remaining allegation contained in paragraph sixteen, and to the

23  extent these paragraphs again incorporate reference to alleged "ALTERNATE ENTITIES",

24  defendant denies that it is the legal successor to all of the liabilities of alleged alternate

25  entities of Viad Corp:  ARMOUR AND COMPANY, ARMOUR & CO., ARMOUR &

26  COMPANY, THE GREYHOUND CORPORATION, G. ARMOUR ARIZONA

27  COMPANY, ARIZONA DIAL, 111 CORPORATION, BALDWIN LOCOMOTIVES,

28  BALDWIN LOCOMOTIVE WORKS, LIMA-HAMILTON CORPORATION, LIMA

1    LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON CORPORATION, BALDWIN

2    LIMA-HAMILTON CORPORATION, BALDWIN-LESSING-HAMILTON, THE

3    MIDVALE COMPANY, THE DIAL CORPORATION, THE NEW DIAL

4    CORPORATION, ALSTOM POWER, INC., ECOLAIRE HEAT TRANSFER, INC. HEAT

5    EXCHANGE DIVISION, ALSTOM HEAT EXCHANGE DIVISION and GRISCOM

6    RUSSELL.

7         15.  Responding to paragraph number seventeen of the complaint, and Exhibit A

8    referred to therein, and attached to the complaint, defendant is without sufficient knowledge

9    or information to form a belief as to the truth of the allegations contained in said paragraphs,

10   and on that basis, denies each and every allegation contained therein, including allegations

11   concerning any causal connection between decedent's alleged asbestos exposure and alleged

12   injury/damage/loss/harm.   Denies each and every remaining allegation contained in

13   paragraph seventeen, and to the extent these paragraphs again incorporate reference to

14   alleged "ALTERNATE ENTITIES", defendant denies that it is the legal successor to all of

15   the liabilities of alleged alternate entities of Viad Corp:  ARMOUR AND COMPANY,

16   ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND CORPORATION, G.

17   ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111 CORPORATION, BALDWIN

18   LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS, LIMA-HAMILTON

19   CORPORATION, LIMA LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON

20   CORPORATION, BALDWIN LIMA-HAMILTON CORPORATION,

21   BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY, THE DIAL

22   CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER, INC.,

23   ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, ALSTOM HEAT

24   EXCHANGE DIVISION, and GRISCOM RUSSELL.

25         16.    Responding to paragraph number eighteen of the complaint, defendant is

26   without sufficient knowledge or information to form a belief as to the truth of the allegations

27   contained in said paragraph, and on that basis, denies each and every allegation contained

28   therein.

**ANSWER ON BEHALF OF VIAD CORP**

1       17.    Responding to paragraph number nineteen of the complaint, Defendant is

2  without sufficient knowledge or information to form a belief as to the truth of the allegations

3  contained therein, and on that basis, denies each and every allegation contained therein.

4       18.    Responding to paragraph number twenty of the complaint, defendant denies

5  any causal connection between decedent allegedly incurring liability for

6  physicians/surgeons/nurses/medicine/hospices/x-rays/ and other medical treatment, and is

7  otherwise without sufficient knowledge or information to form a belief as to the truth of the

8  allegations contained in said paragraph, and on that basis, denies each and every allegation

9  contained therein.  To the extent these paragraphs again incorporate reference to alleged

10  "ALTERNATE ENTITIES", defendant denies that it is the legal successor to all of the

11  liabilities of alleged alternate entities of Viad Corp:  ARMOUR AND COMPANY,

12  ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND CORPORATION, G.

13  ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111 CORPORATION, BALDWIN

14  LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS, LIMA-HAMILTON

15  CORPORATION, LIMA LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON

16  CORPORATION, BALDWIN LIMA-HAMILTON CORPORATION,

17  BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY, THE DIAL

18  CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER, INC.,

19  ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, ALSTOM HEAT

20  EXCHANGE DIVISION, and GRISCOM RUSSELL.

21       19.  Responding to paragraph number twenty-one of the complaint, defendant denies

22  any causal connection between its conduct and decedent's alleged asbestos exposure,

23  defendant is  without sufficient knowledge or information to form a belief as to the truth of

24  the allegations contained in said paragraph, and on that basis, denies each and every

25  allegation contained therein.  To the extent these paragraphs again incorporate reference to

26  alleged "ALTERNATE ENTITIES", defendant denies that it is the legal successor to all of

27  the liabilities of alleged alternate entities of Viad Corp:  ARMOUR AND COMPANY,

28  ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND CORPORATION, G.

1   ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111 CORPORATION, BALDWIN

2   LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS, LIMA-HAMILTON

3   CORPORATION, LIMA LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON

4   CORPORATION, BALDWIN LIMA-HAMILTON CORPORATION,

5   BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY, THE DIAL

6   CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER, INC.,

7   ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, ALSTOM HEAT

8   EXCHANGE DIVISION, and GRISCOM RUSSELL.

9       20.  Responding to paragraph number twenty-two of the complaint, defendant denies

10  any causal connection between its conduct and decedent's alleged asbestos exposure, and

11  defendant is without sufficient knowledge or information to form a belief as to the truth of

12  the allegations contained in said paragraph, and on that basis, denies each and every

13  allegation contained therein.  To the extent these paragraphs again incorporate reference to

14  alleged "ALTERNATE ENTITIES", defendant denies that it is the legal successor to all of

15  the liabilities of alleged alternate entities of Viad Corp:  ARMOUR AND COMPANY,

16  ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND CORPORATION, G.

17  ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111 CORPORATION, BALDWIN

18  LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS, LIMA-HAMILTON

19  CORPORATION, LIMA LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON

20  CORPORATION, BALDWIN LIMA-HAMILTON CORPORATION,

21  BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY, THE DIAL

22  CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER, INC.,

23  ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION,  ALSTOM HEAT

24  EXCHANGE DIVISION, and GRISCOM RUSSELL.

25      21.  Responding to paragraph number twenty-three of the complaint, defendant

26  denies any causal connection between its conduct and decedent's alleged asbestos exposure,

27  and is otherwise  without sufficient knowledge or information to form a belief as to the truth

28  of the allegations contained in said paragraph, and on that basis, denies each and every

1   allegation contained therein.  To the extent these paragraphs again incorporate reference to

2   alleged "ALTERNATE ENTITIES", defendant denies that it is the legal successor to all of

3   the liabilities of alleged alternate entities of Viad Corp:  ARMOUR AND COMPANY,

4   ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND CORPORATION, G.

5   ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111 CORPORATION, BALDWIN

6   LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS, LIMA-HAMILTON

7   CORPORATION, LIMA LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON

8   CORPORATION, BALDWIN LIMA-HAMILTON CORPORATION,

9   BALDWIN-LESSING-HAMILTON, TH,E MIDVALE COMPANY, THE DIAL

10  CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER, INC.,

11  ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION,  ALSTOM HEAT

12  EXCHANGE DIVISION and GRISCOM RUSSELL.

13      22.  Responding to paragraph number twenty-four of the complaint, defendant is

14  without sufficient knowledge or information to form a belief as to the truth of the allegations

15  contained in said paragraph, and on that basis, denies each and every allegation contained

16  therein, and to the extent this paragraph again incorporates reference to alleged

17  "ALTERNATE ENTITIES", defendant denies that it is the legal successor to all of the

18  liabilities of alleged alternate entities of Viad Corp:  ARMOUR AND COMPANY,

19  ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND CORPORATION, G.

20  ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111 CORPORATION, BALDWIN

21  LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS, LIMA-HAMILTON

22  CORPORATION, LIMA LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON

23  CORPORATION, BALDWIN LIMA-HAMILTON CORPORATION,

24  BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY, THE DIAL

25  CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER, INC.,

26  ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION,  ALSTOM HEAT

27  EXCHANGE DIVISION, and GRISCOM RUSSELL.  Further, while defendant admits as to

28  the existence of the alleged alternate entities, defendant specifically denies, that it and/or its

1   alleged alternate entities were in any way involved in decedent's alleged asbestos exposure,

2   which exposure is alleged to have caused severe and permanent injury/death to decedent.

3       23.  Responding to paragraph number twenty-five of the complaint, defendant denies

4   any tortious conduct and further denies it/its officers/directors/managing agents participated

5   in, authorized, expressly and impliedly ratified, had full knowledge of or should have known

6   the facts as alleged by decedent in the complaint and further denies generally that it is the

7   legal successor to all of the liabilities of alleged alternate entities of Viad Corp:  ARMOUR

8   AND COMPANY, ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND

9   CORPORATION, G. ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111

10  CORPORATION, BALDWIN LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS,

11  LIMA-HAMILTON CORPORATION, LIMA LOCOMOTIVE WORKS,

12  BALDWIN-LIMA-HAMILTON CORPORATION, BALDWIN LIMA-HAMILTON

13  CORPORATION, BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY,

14  THE DIAL CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER,

15  INC., ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION,  ALSTOM

16  HEAT EXCHANGE DIVISION and GRISCOM RUSSELL.

17      24.  Responding to paragraph number twenty-six of the complaint, defendant

18  denies each and every allegation contained therein, and to the extent this paragraph again

19  incorporates reference to alleged "ALTERNATE ENTITIES", defendant denies that it is the

20  legal successor to all of the liabilities of alleged alternate entities of Viad Corp:  ARMOUR

21  AND COMPANY, ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND

22  CORPORATION, G. ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111

23  CORPORATION, BALDWIN LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS,

24  LIMA-HAMILTON CORPORATION, LIMA LOCOMOTIVE WORKS,

25  BALDWIN-LIMA-HAMILTON CORPORATION, BALDWIN LIMA-HAMILTON

26  CORPORATION, BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY,

27  THE DIAL CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER,

28  INC., ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION,  ALSTOM

11

HEAT EXCHANGE DIVISION and GRISCOM RUSSELL.  Further, while defendant

admits as to the existence of the alleged alternate entities, defendant specifically denies, that

it is liable and/or otherwise owed/breached any duty and/or acted fraudulently, oppressively,

maliciously, and/or with each defendant's/alternate entities' officers/directors/managing

agents participating in, authorizing, expressly and impliedly ratifying, and/or had full

knowledge of or should have known of the acts of their alleged alternate entities.

      25.  Responding to paragraph number twenty-seven of the complaint, defendant

denies each and every allegation contained therein, and to the extent this paragraph again

incorporates reference to alleged "ALTERNATE ENTITIES", defendant denies that it is the

legal successor to all of the liabilities of alleged alternate entities of Viad Corp:  ARMOUR

AND COMPANY, ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND

CORPORATION, G. ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111

CORPORATION, BALDWIN LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS,

LIMA-HAMILTON CORPORATION, LIMA LOCOMOTIVE WORKS,

BALDWIN-LIMA-HAMILTON CORPORATION, BALDWIN LIMA-HAMILTON

CORPORATION, BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY,

THE DIAL CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER,

INC., ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION,  ALSTOM

HEAT EXCHANGE DIVISION and GRISCOM RUSSELL.  Further, while defendant

admits as to the existence of the alleged alternate entities, defendant specifically denies, that

it is liable and/or acted fraudulently, oppressively, maliciously, or in any despicable or

willful or outrageous or with conscious or reckless disregard and indifference to safety,

health, and rights of exposed persons/decedents, and/or with each defendant's/alternate

entity's officers/directors/managing agents participating in, authorizing, expressly and

impliedly ratifying, and/or having full knowledge of or should have known of the acts of

their alleged alternate entities.

1    26.    To the extent paragraph twenty-eight merely incorporates by reference all prior

2    paragraphs of the complaint, defendant likewise incorporates by reference paragraphs 1-27

3    herein, and is otherwise without sufficient knowledge or information to form a belief as to

4    the truth of the allegations contained in said paragraph, and on that basis, denies each and

5    every allegation contained therein.

6    27.    Responding to paragraph number twenty-nine of the complaint, defendant

7    denies each and every allegation contained therein concerning alleged knowledge and intent

8    that any alleged asbestos containing products would be used by purchase without inspection

9    and/or knowledge of hazards. To the extent this paragraph again incorporates reference to

10   alleged "ALTERNATE ENTITIES", defendant denies that it is the legal successor to all of

11   the liabilities of alleged alternate entities of Viad Corp:  ARMOUR AND COMPANY,

12   ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND CORPORATION, G.

13   ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111 CORPORATION, BALDWIN

14   LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS, LIMA-HAMILTON

15   CORPORATION, LIMA LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON

16   CORPORATION, BALDWIN LIMA-HAMILTON CORPORATION,

17   BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY, THE DIAL

18   CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER, INC.,

19   ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION,  ALSTOM HEAT

20   EXCHANGE DIVISION, and GRISCOM RUSSELL.

21   28.    Responding to paragraph number thirty of the complaint, defendant denies each

22   and every allegation contained therein to the extent the paragraph alleges any alleged

23   products were defective and/or unsafe at the time they left possession of this responding

24   defendant and/or its alleged alternate entities, and otherwise is without sufficient knowledge

25   or information to form a belief as to the truth of the allegations contained in said paragraph,

26   and on that basis, denies each and every allegation contained therein. To the extent this

27   paragraph again incorporates reference to alleged "ALTERNATE ENTITIES", defendant

28   denies that it is the legal successor to all of the liabilities of alleged alternate entities of Viad

1   Corp:  ARMOUR AND COMPANY, ARMOUR & CO., ARMOUR & COMPANY, THE

2   GREYHOUND CORPORATION, G. ARMOUR ARIZONA COMPANY, ARIZONA

3   DIAL, 111 CORPORATION, BALDWIN LOCOMOTIVES, BALDWIN LOCOMOTIVE

4   WORKS, LIMA-HAMILTON CORPORATION, LIMA LOCOMOTIVE WORKS,

5   BALDWIN-LIMA-HAMILTON CORPORATION, BALDWIN LIMA-HAMILTON

6   CORPORATION, BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY,

7   THE DIAL CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER,

8   INC., ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION,  ALSTOM

9   HEAT EXCHANGE DIVISION and GRISCOM RUSSELL.

10       29.    Responding to paragraph number thirty-one of the complaint, defendant

11   denies each and every allegation contained therein, denies that it and/or its alleged alternate

12   entities engaged in any complained of conduct (including issues relating to alleged failure to

13   warn), and otherwise is without sufficient knowledge or information to form a belief as to

14   the truth of the allegations contained in said paragraph, and on that basis, denies each and

15   every allegation contained therein.  To the extent this paragraph again incorporates reference

16   to alleged "ALTERNATE ENTITIES", defendant denies that it is the legal successor to all

17   of the liabilities of alleged alternate entities of Viad Corp:  ARMOUR AND COMPANY,

18   ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND CORPORATION, G.

19   ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111 CORPORATION, BALDWIN

20   LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS, LIMA-HAMILTON

21   CORPORATION, LIMA LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON

22   CORPORATION, BALDWIN LIMA-HAMILTON CORPORATION,

23   BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY, THE DIAL

24   CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER, INC.,

25   ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION,  ALSTOM HEAT

26   EXCHANGE DIVISION and GRISCOM RUSSELL.

27       30.    Responding to paragraph number thirty-two, thirty three, thirty four, and

28   thirty-five of the complaint, defendant denies that it and/or its alleged alternate entities

1   engaged in any of the complained of conduct, denies each and every allegation contained

2   therein, and specifically denies defendant and/or its alleged alternate entities had alleged

3   knowledge regarding alleged asbestos containing products at the timeframe alleged; to the

4   extent this paragraph again incorporates reference to alleged "ALTERNATE ENTITIES",

5   defendant denies that it is the legal successor to all of the liabilities of alleged alternate

6   entities of Viad Corp:  ARMOUR AND COMPANY, ARMOUR & CO., ARMOUR &

7   COMPANY, THE GREYHOUND CORPORATION, G. ARMOUR ARIZONA

8   COMPANY, ARIZONA DIAL, 111 CORPORATION, BALDWIN LOCOMOTIVES,

9   BALDWIN LOCOMOTIVE WORKS, LIMA-HAMILTON CORPORATION, LIMA

10  LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON CORPORATION, BALDWIN

11  LIMA-HAMILTON CORPORATION, BALDWIN-LESSING-HAMILTON, THE

12  MIDVALE COMPANY, THE DIAL CORPORATION, THE NEW DIAL

13  CORPORATION, ALSTOM POWER, INC., ECOLAIRE HEAT TRANSFER, INC. HEAT

14  EXCHANGE DIVISION,  ALSTOM HEAT EXCHANGE DIVISION and GRISCOM

15  RUSSELL.  Further, while defendant admits as to the existence of the alleged alternate

16  entities, defendant specifically denies, that it is liable (and/or otherwise owed/breached any

17  duty and/or engaged in any misrepresentation (implied or otherwise), and/or engaged in any

18  concealment with regard to any alleged knowledge of said asbestos risk(s), and/or had any

19  knowledge generally of any alleged risk(s) as set forth therein), and/or acted from financial

20  motivation and in conscious disregard of the safety of any exposed persons.  Defendant

21  denies further any liability for any alleged tortious conduct of each alleged alternate entity.

22      31.     Responding to paragraph number thirty-six of the complaint, defendant

23  denies each and every allegation contained therein; to the extent this paragraph again

24  incorporates reference to alleged "ALTERNATE ENTITIES", defendant denies that it is the

25  legal successor to all of the liabilities of alleged alternate entities of Viad Corp:  ARMOUR

26  AND COMPANY, ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND

27  CORPORATION, G. ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111

28  CORPORATION, BALDWIN LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS,

**ANSWER ON BEHALF OF VIAD CORP**

1  LIMA-HAMILTON CORPORATION, LIMA LOCOMOTIVE WORKS,

2  BALDWIN-LIMA-HAMILTON CORPORATION, BALDWIN LIMA-HAMILTON

3  CORPORATION, BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY,

4  THE DIAL CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER,

5  INC., ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION,  ALSTOM

6  HEAT EXCHANGE DIVISION, and GRISCOM RUSSELL.  Further, while defendant

7  admits as to the existence of the alleged alternate entities, defendant specifically denies, that

8  it and/or its alleged alternate entity is liable (and/or otherwise owed/breached any duty

9  and/or made any implied warranties, and/or had knowledge of any alleged risk(s) referred

10  to.)

11       32.  Responding to paragraph number thirty-seven of the complaint, defendant

12  denies it and/or its alleged alternate entities engaged in any of the complained of conduct,

13  denies each and every allegation contained therein, including allegations of alleged implied

14  warranties, and to the extent this paragraph again incorporates reference to alleged

15  "ALTERNATE ENTITIES", defendant denies that it is the legal successor to all of the

16  liabilities of alleged alternate entities of Viad Corp:  ARMOUR AND COMPANY,

17  ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND CORPORATION, G.

18  ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111 CORPORATION, BALDWIN

19  LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS, LIMA-HAMILTON

20  CORPORATION, LIMA LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON

21  CORPORATION, BALDWIN LIMA-HAMILTON CORPORATION,

22  BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY, THE DIAL

23  CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER, INC.,

24  ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION,  ALSTOM HEAT

25  EXCHANGE DIVISION and GRISCOM RUSSELL.

26       33.  Responding to paragraph number thirty-eight of the complaint, defendant

27  denies each and every allegation contained therein.

28       34.  To the extent paragraph thirty-nine merely incorporates by reference all prior

**ANSWER ON BEHALF OF VIAD CORP**

1  paragraphs of the complaint, defendant likewise incorporates by reference paragraphs 1-38

2  herein, and is otherwise without sufficient knowledge or information to form a belief as to

3  the truth of the allegations contained in said paragraph, and on that basis, denies each and

4  every allegation contained therein.

5        35.     Responding to paragraph number forty of the complaint, defendant is

6  without sufficient knowledge or information to form a belief as to the truth of the allegations

7  contained in said paragraph, and on that basis, denies each and every allegation contained

8  therein.

9        36.     Responding to paragraph number forty-one of the complaint, defendant is

10  without sufficient knowledge or information to form a belief as to the truth of the allegations

11  contained in said paragraph, and on that basis, denies each and every allegation contained

12  therein.

13        37.     Responding to paragraph number forty-two of the complaint,  defendant

14  denies each and every allegation contained therein, denies that it and/or its alleged alternate

15  entities engaged in any of complained of conduct and/or played any causal role in

16  decedent's death, and to the extent this paragraph again incorporates reference to alleged

17  "ALTERNATE ENTITIES", defendant denies that it is the legal successor to all of the

18  liabilities of alleged alternate entities of Viad Corp:  ARMOUR AND COMPANY,

19  ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND CORPORATION, G.

20  ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111 CORPORATION, BALDWIN

21  LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS, LIMA-HAMILTON

22  CORPORATION, LIMA LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON

23  CORPORATION, BALDWIN LIMA-HAMILTON CORPORATION,

24  BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY, THE DIAL

25  CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER, INC.,

26  ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION,  ALSTOM HEAT

27  EXCHANGE DIVISION and GRISCOM RUSSELL.

28

**ANSWER ON BEHALF OF VIAD CORP**

1    38.    Responding to paragraph number forty-three of the complaint, defendant is

2  without sufficient knowledge or information to form a belief as to the truth of the allegations

3  contained in said paragraph, and on that basis, denies each and every allegation contained

4  therein.

5    39.    Responding to paragraph number forty-four of the complaint, defendant is

6  without sufficient knowledge or information to form a belief as to the truth of the allegations

7  contained in said paragraph, and on that basis, denies each and every allegation contained

8  therein.

9    40.  Responding to paragraph number forty-five of the complaint, defendant is

10  without sufficient knowledge or information to form a belief as to the truth of the allegations

11  contained in said paragraph, and on that basis, denies each and every allegation contained

12  therein.

13    41.    To the extent paragraph forty-six merely incorporates by reference all prior

14  paragraphs of the complaint, defendant likewise incorporates by reference paragraphs 1-45

15  herein, and is otherwise without sufficient knowledge or information to form a belief as to

16  the truth of the allegations contained in said paragraph, and on that basis, denies each and

17  every allegation contained therein.

18    42.    Responding to paragraph number forty-seven of the complaint, defendant

19  denies each and every allegation contained therein, and denies that it and/or its alleged

20  alternate entities engaged in any of the complained of conduct sought to be incorporated by

21  reference into this paragraph.

22    43.    Responding to plaintiffs' prayer for relief, defendant denies any entitlement

23  on the part of plaintiffs to any damages (general, punitive, income loss related, or otherwise)

24  and defendant further asserts that no specific cause of action for fraud is alleged, and

25  therefore, defendant denies that any "fraud" took place, and that any damages resulted from

26  any act of fraud.

27

28

**<u>AFFIRMATIVE DEFENSES</u>**

FIRST AFFIRMATIVE DEFENSE

The complaint fails to state facts sufficient to constitute any cause of action against this answering defendant.

SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the statute of limitations, including, but not limited to, California Code of Civil Procedure §§338 sub. div. a, 340, 340.2, 343 and 337.

THIRD AFFIRMATIVE DEFENSE

The complaint does not state facts sufficient to justify an award of punitive damages. The imposition of punitive damages as sought by plaintiffs would violate the rights of the defendant under the Constitution of the United States and other potentially applicable State Constitutions, and at common law, in that:

a)    An award of punitive damages would violate the rights of the defendant to due process and equal protection of the laws, as guaranteed by the United States Constitution and its Fourteenth Amendment, and similar protection afforded by other potentially applicable State Constitutions.

b)    Applicable State law provides no Constitutionally adequate or meaningful standards to guide a jury in imposing a punitive award, or to give the public, including the defendants, a reasonable and Constitutionally required notice of the manner of conduct which may submit it to such a sanction. As scienter is an indispensable element of a charge of such conduct, the defendant should not be subjected to the risk of punishment for an alleged offense as to which scienter is impossible as there are no ascertainable standards to apply other than the whim of a jury.

c)    Applicable State law leaves the determination of the fact and amount of punitive damages to the arbitrary discretion of the trier of fact, without providing adequate or meaningful limits to the exercise of that discretion. This constitutes a taking without due process of law.

d)    No provision of the applicable State law provides adequate procedural

**ANSWER ON BEHALF OF VIAD CORP**

1   safeguards consistent with the criteria set forth in *Mathews v. Eldridge*, 424 US 319 (1976)

2   for the imposition of a punitive award.

3        e)     The right of the defendants to due process of law would be violated were

4   Plaintiffs to be permitted to pursue recovery against the defendant based upon strict liability

5   claims which focus on the condition of the product while simultaneously pursuing claims for

6   punitive damages that focus on the conduct of the defendant, since exculpatory evidence of

7   reasonable conduct may otherwise be inadmissible in a strict liability case.

8        f)     The concept of punitive damages whereby an award is made to a private

9   plaintiff, not as compensation, but as a windfall incident to the punishment of a defendant,

10  represents a taking of property without due process of law.

11       g)     Punitive damages are quasi-criminal in nature, application of the discovery

12  provisions of the Code of Civil Procedure would be inappropriate as those rules are not

13  intended to apply to a criminal proceeding.  The defendants, therefore, request that the court

14  limit any discovery requests which relate in any way to plaintiffs' requests for punitive

15  damages to that type of discovery which is permitted to be taken from a criminal defendant

16  pursuant to the applicable Code of Civil Procedure.

17                       FOURTH AFFIRMATIVE DEFENSE

18       This answering defendant alleges that the complaint does not state facts sufficient to

19  justify "market share" liability as to the defendant.

20                        FIFTH AFFIRMATIVE DEFENSE

21       Any injuries or damages alleged in this action proximately resulted from the

22  negligence and careless conduct of employers of the person injured.  The recovery of

23  damages herein, if any, is barred or diminished to the extent worker's compensation benefits

24  have been or will be paid to such employee or heirs by any employer.

25                        SIXTH AFFIRMATIVE DEFENSE

26       Plaintiffs' claims are barred by the Doctrines of Estoppel and/or Res Judicata.

27

28

**ANSWER ON BEHALF OF VIAD CORP**

1  SEVENTH AFFIRMATIVE DEFENSE

2  At all times denying the allegations of plaintiffs' complaint, defendant is informed

3  and believe, and based upon said information and belief alleges, that decedent voluntarily

4  and knowingly assumed the alleged risks and alleged hazards incident to the alleged

5  operations, acts and conduct at the times and places alleged in the complaint, and that

6  decedents'' acts proximately caused and contributed to the alleged injuries and damages, if

7  any such injuries or damages there were, or are.

8  EIGHTH AFFIRMATIVE DEFENSE

9  The damages allegedly sustained by plaintiffs, if any, were caused solely by the

10  negligence or other legal fault of persons, including decedent, other than this answering

11  defendant.  If defendant is in any way negligent or otherwise legally responsible, any

12  damages to which plaintiffs would otherwise be entitled should be reduced in proportion to

13  the amount of negligence or legal fault attributable to plaintiffs and other persons in causing

14  plaintiffs' injuries.

15  NINTH AFFIRMATIVE DEFENSE

16  Decedent failed to mitigate his alleged damages, if any there were.

17

18  TENTH AFFIRMATIVE DEFENSE

19  This answering defendant received no notice of any dangerous, hazardous or

20  defective condition or any breach of warranty, either express or implied.

21  ELEVENTH AFFIRMATIVE DEFENSE

22  Defendant did commit the alleged acts with any of the alleged products which

23  plaintiff alleges caused the injuries set forth in the complaint.

24  TWELFTH AFFIRMATIVE DEFENSE

25  If the products alleged in the complaint are found to have caused decedent's injury,

26  which injury defendant expressly denies, such products were stored, maintained, exposed,

27  manufactured, supplied and/or distributed by others, and not defendant or the alleged

28  alternate entities in a manner consistent with the state of the art applicable at the time.

1     THIRTEENTH AFFIRMATIVE DEFENSE

2         At all times relevant to the alleged conditions, conduct or injuries, decedent had or

3    should have had notice and knowledge of the risks and dangers, if any, associated with such

4    conditions, conduct and injuries as any such risk or danger was open, obvious and apparent

5    to decedent, and that he appreciated the danger or risk, and voluntarily assumed any such

6    danger or risk.

7     FOURTEENTH AFFIRMATIVE DEFENSE

8         Defendant had no duty to know about, protect against or warn of any alleged risk of

9    harm from exposure to asbestos under the state of scientific and medical knowledge at the

10   applicable time.

11    FIFTEENTH AFFIRMATIVE DEFENSE

12        Plaintiffs' claims are barred by the Doctrine of Laches.

13    SIXTEENTH AFFIRMATIVE DEFENSE

14        The applicable punitive damages statutes are unconstitutional because they violate

15   the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

16    SEVENTEENTH AFFIRMATIVE DEFENSE

17        Plaintiffs' claims for punitive damages are barred by the Due Process Clause of

18   Article 1, Section 7 and the Excessive Fines Clause of Article 1, Section 17 of the

19   Constitution of the State of California.

20    EIGHTEENTH AFFIRMATIVE DEFENSE

21        Plaintiffs' claims are barred by the Doctrine of Waiver.

22    NINETEENTH AFFIRMATIVE DEFENSE

23        Defendant is protected from the allegations brought in plaintiffs' complaint by virtue

24   of the Worker's Compensation Exclusive Remedy Doctrine of California Labor Code

25   section 3600, et seq.

26    TWENTIETH AFFIRMATIVE DEFENSE

27        Plaintiffs' claims are barred by the decedent's implied assumption of the risks and

28   dangers, if any, associated with the alleged conditions, conduct or injuries set forth in

**ANSWER ON BEHALF OF VIAD CORP**

1    plaintiffs' complaint.

2    TWENTY-FIRST AFFIRMATIVE DEFENSE

3         The actions of this answering defendant were in conformity with the state of the

4    medical, industrial and scientific arts, such that there was no duty to warn decedent and/or

5    plaintiff under the circumstances, or to such an extent such a duty arose, defendant provided

6    adequate warnings, labels and/or instructions concerning the conditions or products in

7    question. If those warnings, labels and/or instructions were not heeded, it is the fault of

8    others and not of this answering defendant.

9    TWENTY-SECOND AFFIRMATIVE DEFENSE

10        This answering defendant made no representations to decedent.  To the extent that

11   the alleged representations were made, they were made by persons and/or parties other than

12   this answering defendant.

13   TWENTY-THIRD AFFIRMATIVE DEFENSE

14        To the extent that any of the alleged representations were made to decedent, they

15   were not made with the intent to defraud or deceive decedent or to induce him to engage in

16   any alleged conduct.

17

18   TWENTY-FOURTH AFFIRMATIVE DEFENSE

19        Decedent did not rely on any other representations made by this answering

20   defendant. To the extent that the decedent did rely on any alleged representations, such

21   reliance was unjustified.

22   TWENTY-FIFTH AFFIRMATIVE DEFENSE

23        This answering defendant concealed no material facts nor made no affirmative

24   misrepresentation of fact to decedent. To the extent that any fact or facts were concealed

25   from plaintiff, such concealment was not made with the intent to defraud, deceive, or

26   mislead decedent to induce him to engage in any alleged conduct.

27

28

1

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

2      This answering defendant denies that it is liable for any acts, conduct, omissions or

3  products of any alleged predecessor entity.

4

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

5      The decedents' injuries and damages, if any, resulted from the failure of decedent to

6  use the safety equipment and/or safety precautions which may have been provided, warned

7  of, or made available to him.

8

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

9      Defendant is entitled to a set-off from any and all sums recovered by or on behalf of

10  the plaintiffs by way of any settlement, judgment, or otherwise which were or entered into

11  or received by plaintiffs from any party or non-party to this action.

12

## TWENTY-NINTH AFFIRMATIVE DEFENSE

13      Plaintiffs' claims are barred by the Doctrine of Release.

14

## THIRTIETH AFFIRMATIVE DEFENSE

15      This answering defendant had no "actual knowledge" of the existence of a dangerous

16  condition on any premises in question; that decedent had contracted an asbestos-related

17  disease; that decedent was exposed to asbestos; or that friable asbestos existed on the

18  premises.

19

## THIRTY-FIRST AFFIRMATIVE DEFENSE

20      Plaintiffs' claims are preempted by federal law.

21

## THIRTY-SECOND AFFIRMATIVE DEFENSE

22      This answering defendant is immune from liability by way of the military contractor

23  defense.

24

## THIRTY-THIRD AFFIRMATIVE DEFENSE

25      Plaintiffs' claims are barred for failure to join necessary parties to this action.

26

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

27      Plaintiffs' claims are barred by the doctrine of exclusive concurrent jurisdiction.

28

**ANSWER ON BEHALF OF VIAD CORP**

1              THIRTY-FIFTH AFFIRMATIVE DEFENSE

2       Plaintiffs have failed to join all persons and parties needed for a just adjudication of

3 this action.  Furthermore, plaintiffs are improperly joined in that plaintiffs ESTELA

4 CARCALLAS, as Wrongful Death Heir, and as Successor-in-Interest to FABIAN

5 CARCALLAS, Deceased; and FABIAN CARCALLAS III, OLIVER CARCALLAS, as

6 Legal Heirs of FABIAN CARCALLAS, Deceased, and PEGGY HOTT, Wrongful Death

7 Heir, and as Successor-in-Interest to VIRGIL HOTT, Deceased, state no claims as against

8 Viad and as such, plaintiffs' claims do not arise from the same transaction(s) or

9 occurrence(s).

10              THIRTY-SIXTH AFFIRMATIVE DEFENSE

11       Defendant alleges that in accordance with section 1431.2 of the Civil Code known as

12 the Fair Responsibility Act of 1986, that if plaintiffs' complaint states a cause of action,

13 each defendant is liable, if at all, only for those noneconomic damages allocated to each in

14 direct proportion to each defendant's percentage of fault, if any. VIAD requests a judicial

15 determination of the amount of non-economic damages, if any.  VIAD also requests a

16 judicial determination of the amount of non-economic damages, if any, allocated to VIAD in

17 direct proportion to VIAD'S percentage of fault, if any, and a separate judgment in

18 conformance therewith.

19                    **OTHER DEFENSES**

20       This answering defendant reserves the right to allege other affirmative defenses as

21 they may become known during the course of discovery, and hereby specifically reserves its

22 rights to amend its answer to allege said affirmative defenses at such time as they become

23 known.

24       WHEREFORE, this answering defendant prays as follows:

25       1.     That plaintiffs take nothing by their complaint;

26       2.     For costs of suit incurred herein;

27       3.     For reasonable attorney's fees; and

28       4.     For such other and further relief as the Court may deem just and proper.

**ANSWER ON BEHALF OF VIAD CORP**

**DEMAND FOR JURY TRIAL**

Defendant VIAD hereby demands trial by jury.

Dated: August 6, 2008                        CHARTER DAVIS, LLP

                                By:      /s/Whitney A. Davis
                                         Whitney A. Davis
                                         Attorneys for Defendant VIAD CORP,
                                         individually and as Alleged
                                         Successor-in-Interest to Griscom-Russell
                                         Company

ANSWER ON BEHALF OF VIAD CORP

1  CASE NAME:        Shirley Cronin v. Todd Shipyards, et al
   CASE NUMBER:      USDC Northern District of California No: CV083274 MMC
2

3

4                              PROOF OF SERVICE

5        I am a citizen of the United States and am employed in the County of Sacramento.  I am over
   the age of 18 years and not a party to the within cause; my business address is 1730 I Street, Suite 240,
6  Sacramento, California 95814.

7        On the date below, I served the within

8  ANSWER OF VIAD CORP TO COMPLAINT FOR SURVIVAL WRONGFUL DEATH-
                   ASBESTOS - DEMAND FOR JURY TRIAL
9

10 on the parties in this cause as follows:

11

12 [X]    VIA ELECTRONIC SERVICE: Complying with General Order 45, my electronic business
          address is scl@charter-davis.com, and I caused such document(s) to be electronically served
13        through the Pacer File & Serve system for the above-entitled case to the parties on the Service
          List maintained on Pacer File & Serve Website for this case.  The file transmission was reported
14        as complete and a copy of the Pacer File and Serve Receipt will be maintained with the original
          document(s) in our office.

15

16       I declare under penalty of perjury under the laws of the State of California that the foregoing
   is true and correct and that this declaration was executed on August   11 , 2008, at Sacramento,
17 California.

18                                                   _____
                                                     SUSAN C. LEON
19

20

21

22

23

24

25

26

27

28

─────────────────────────────────────────────
                        PROOF OF SERVICE